IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| ALFRED LEE MAULDIN | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:13cv563 |
| BUREAU OF PRISONS | § | |

<u>ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Petitioner Alfred Lee Mauldin, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges prison disciplinary convictions for committing three disciplinary offenses.

The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner asserted the disciplinary hearing officer ("DHO") refused to accept certain exhibits he sought to introduce into evidence at his disciplinary hearing and that there was insufficient evidence to support the convictions. The Magistrate Judge found the exhibits petitioner sought to introduce were of dubious relevancy. He therefore concluded the DHO did not err in refusing to admit the documents and that petitioner suffered no prejudice as a result of the documents not being admitted. The Magistrate Judge further concluded there was sufficient evidence to support the convictions.

In his objections, petitioner does not address the Magistrate Judge's conclusions. However, he does imply that the convictions were the result of retaliatory acts by prison officials. He states

the officials were retaliating for phone calls made to the court by family members complaining about petitioner's treatment.

To establish retaliation, a petitioner must allege the violation of a specific constitutional right and demonstrate that but for the retaliatory motive, the incident complained of would not have occurred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The petitioner "must provide direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Id.* Mere conclusory allegations by a petitioner are insufficient. The petitioner must allege more than his personal belief that he has been the victim of retaliation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

Petitioner has failed to satisfy this standard. He has not provided direct evidence that anyone connected with his disciplinary proceeding acted with a retaliatory motive or were even aware of phones calls made to the court by his family members. Nor has he alleged a chronology of events from which a retaliatory motive could be plausibly inferred. He had provided no more than his personal belief that the disciplinary proceeding was motivated by a desire to retaliate against him.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the recommendation of the Magistrate Judge.

**SIGNED** this the **19** day of **September, 2016.**

_____
Thad Heartfield
United States District Judge